659 P.2d 1341

**PINETOP LAKES ASSOCIATION, an Arizona corporation, Plaintiff-Appellant,**

v.

**Phil W. HATCH and Jane Doe Hatch, his wife; John Does I through X, and XYZ Corporations or Entities I through X, Defendants-Appellees.**

**No. 1 CA–CIV 5417.**

Court of Appeals of Arizona, Division 1, Department B.

Feb. 10, 1983.

Review Denied March 8, 1983.

---

Donald Maxwell, William G. Poach, Jr., Scottsdale, for plaintiff-appellant.

Paul W. Colarich, Jr., Pinetop, for defendants-appellees.

---

1. A similar complaint was also filed by a neighboring lot owner. The complaints were consol-

## OPINION

JACOBSON, Presiding Judge.

This opinion is in response to a statement of costs filed in this appeal which included a request for attorney's fees. Normally, such requests are disposed of by non-published orders of this court. However, in the opinion of the court, the issue raised under A.R.S. § 12–341.01, allowing the assessment of attorney's fees in "any contested action arising out of contract" is sufficiently novel to justify an opinion.

Since our prior disposition on the merits of the appeal was by a memorandum decision, a brief factual history is included.

Pinetop Lakes consists of several residential subdivisions located in Navajo County, Arizona. These subdivisions are covered by various restrictions which are recorded and run with the land. The subdivision involved in this appeal is Pinetop Lakes Country Club Unit Four. The improvement or conveyance of lots in this subdivision was controlled by a Declaration of Establishment of Conditions, Reservations and Reciprocal Covenants and Liens Running with the Land. These deed restrictions were designed to regulate the subdivision and control the appearance of the neighborhood by establishing a general plan for the improvement and development of the property.

Paragraph A(8) of the restrictions states:
No temporary house trailer, travel trailer, mobile type home, mobile home, or any temporary housing shall be placed or erected on any lot in said subdivision.

Appellant Pinetop Lakes Association ("Association") was responsible for enforcing the restrictions. Appellee Phil Hatch owns lot 389 in the Country Club Unit Four Subdivision. In September of 1979, a residential structure was transported onto that lot and anchored to a concrete foundation. Shortly thereafter, the Association filed a complaint alleging that Hatch was erecting a structure in violation of the above quoted restriction.[1]

idated in the trial court, but only Pinetop Lakes Association appealed.

Judgment was entered in favor of Hatch and the Association appealed following the denial of its motion for new trial.

On appeal, the Association argued that the language of the restriction is clear and that Hatch's structure was within the meaning of "mobile home" or "mobile type home," and was therefore prohibited from being erected on lot 389. This court disagreed and affirmed the trial court in a memorandum decision issued on August 19, 1982. This court found that the trial court properly determined that the structure in question did not violate the terms of the restrictive covenant.[2]

Shortly after the memorandum decision was issued in this case, Hatch filed a statement of costs which requested $15.00 for appellee's filing fee, $50.00 for brief preparation expenses, and $2,500.00 for attorney's fees incurred in preparing the answering brief and attending oral argument.

The Association objected only to the amount of attorney's fees, maintaining that attorney's fees may be awarded only if provided by contract or statute and contends that no statute or contract permits the award of attorney's fees in this case. Hatch, in his response to the objection, argues that this action arises out of contract and therefore, A.R.S. § 12–341.01 applies. A.R.S. § 12–341.01(A) states, in pertinent part, that:

> In any contested action arising out of contract, express or implied, the court may award the successful party reasonable attorney's fees.

Hatch is the successful party in this appeal and the Association does not dispute the reasonableness of the amount requested by Hatch for attorney's fees. Rather, the issue is whether an action brought to enforce a restrictive covenant arises out of contract pursuant to A.R.S. § 12–341.01.

█ We start with an analysis of the basis upon which a grantee of land is bound by restrictive covenants affecting the land purchased. It is the general rule that the grantee, with notice of restrictive covenants, who accepts a deed referring to those restrictions is deemed to assent to be contractually bound by the restrictions as if he had individually executed an instrument containing them. *Murphey v. Gray,* 84 Ariz. 299, 327 P.2d 751 (1958); *Heritage Heights Home Owners Ass'n v. Esser,* 115 Ariz. 330, 565 P.2d 207 (App.1977). Thus, the grantee who accepts a deed containing restrictive covenants has entered into a contractual relationship. *Also, see,* 5 R. Powell & P. Rohan, Powell on Real Property ¶ 670[2] (1980) (Covenants were originally a type of contract). Restrictions imposed in conveyances may run with the land or may simply be restrictions between grantor and purchaser. *See, Palermo v. Allen,* 91 Ariz. 57, 369 P.2d 906 (1962).[3] In either event, in order for a restriction to be enforceable, "the restriction must have a contractual basis arising out of a contract imposing on the grantor and the grantee the obligation to observe the restrictions." 26 C.J.S. *Deeds* § 162(1) (1956).

█ Thus, it follows that an action to enforce restrictive covenants is, in essence, an action to enforce the mutual contractual obligations assumed by the various grantees in the subdivision. We therefore hold that an action to enforce a restrictive covenant "arises out of contract" pursuant to A.R.S. § 12–341.01 and attorney's fees are awardable in this action. Since no objection is made to the reasonableness of these fees, Hatch is granted the sum of $2,500.00, together with the other claimed expenses to which no objection is raised.

█ Appellee's further request that this court allow appellee "to petition the trial court for additional attorney's fees from the date of the mandate of this court as allowed in *Cocke v. Transamerica Title Insurance*

---

2. Appellant filed a motion for rehearing which this court denied. In addition, appellant petitioned the Supreme Court of Arizona to review this court's decision, which petition was also denied.

3. The restrictions in this case run with the land.

*Co. of Ariz.,* 16 Ariz.App. 556, 494 P.2d 756 (1972)," is denied. This request was untimely since it was first made in the response to objection. Furthermore, this request misstates *Cocke,* since in *Cocke,* attorney's fees were to be allowed for legal services rendered between the date of the opinion and the date the mandate issued, not for those fees incurred after the mandate issued.

GRANT, J., and RICHARD M. DAVIS, J., Pro Tem., concur.

NOTE: The Honorable Richard M. Davis, a Judge *pro tempore* of a court of record, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. art. VI, § 20.