687 P.2d 400

**Mary Zuck LACER, Plaintiff-Appellant,**

v.

**NAVAJO COUNTY, a body politic; Norman H. Turley, Johnny L. Butler and Charles H. Patterson, as members of and constituting the Board of Supervisors of Navajo County; the State of Arizona, a body politic; the Holbrook Chamber of Commerce; John Does I–X; Jane Does I–X; and Black and White Corporations I–X, Defendants-Appellees.**

**No. 1 CA–CIV 5508.**

Court of Appeals of Arizona,
Division 1, Department A.

Decided July 17, 1984.

Verkamp & Verkamp by John G. Verkamp, Flagstaff, and Fleming, Pattridge, Hacking & Gardner by Conrad E. Gardner, Golden, Colo., for plaintiff-appellant.

Dale K. Patton, Jr., Navajo County Atty., Holbrook, for defendants-appellees.

Jennings, Strouss & Salmon by Jon L. Kyl, Jefferson L. Lankford, Phoenix, for amicus curiae Salt River Project Agr. Imp. & Power Dist.

Robert K. Corbin, Atty. Gen., amicus curiae by Anthony B. Ching, Sol. Gen., Toni McClory, Asst. Atty. Gen., Arizona Bd. of Regents, amicus curiae by Stephen K. Smith, Arizona School Bd. Ass'n, amicus curiae by Robert M. Jarrett, Jr., Ass'n Atty., The League of Arizona Cities and Towns, amicus curiae by J. La Mar Shelley, Gen. Counsel, James A. Ullman, P.C. by James A. Ullman, Mary C. Stevens, Phoenix, for amicus curiae Arizona Educ. Ass'n.

Ronald J. Logan, Phoenix, for amicus curiae Arizona Public Employees Ass'n/American Federation of State, County and Mun. Employees and Council 97, AFL–CIO.

Snell & Wilmer by James R. Condo, Rebecca Winterscheidt, Phoenix, for amicus curiae Ball, Ball & Brosamer, Inc., Aetna Cas. & Sur., Associated Gen. Contractors-Arizona Bldg. Chapter, Engineering Corp. of America, and Western Technologies, Inc.

Tom Collins, Maricopa County Atty., amicus curiae Cleon M. Duke, Deputy County Atty., Phoenix, on behalf of Stephen G. Udall, Apache County Atty., St. Johns, Beverly Jenney, Cochise County Atty., Bisbee, Robert Duber, Gila County Atty., Globe, William Coffeen, Greenlee County Atty., Clifton, William Ekstrom, Mohave County Atty., Kingman, Charles Hastings, Yavapai County Atty., Prescott, David Ellsworth, Yuma County Atty., Yuma, Jack Williams, Graham County Atty., Safford, Don Moon, La Paz County Atty., Parker, Stephen Neely, Pima County Atty., Tucson, Roy Mendoza, Pinal County Atty., Florence, Dennis Fenwick, Santa Cruz County Atty., Nogales.

## OPINION

OGG, Presiding Judge.

In this appeal we must decide whether Navajo County is entitled to an award of attorney's fees pursuant to Rule 21, Arizona Rules of Civil Appellate Procedure [1], and A.R.S. § 12–341.01. Although the court normally disposes of such matters by unpublished orders, the issue presented is of such significance that we feel a published opinion is warranted. *See Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App.1983).

We begin by briefly reviewing the background giving rise to this matter. Appel-

1. Rule 21 was amended April 28, 1983, effective September 1, 1983. The references to Rule 21 herein are to the rule effective at the time the County filed its request for attorney's fees.

lant, Mary Zuck Lacer, filed an action against Navajo County seeking to obtain title to a parcel of property deeded to the County by her father in 1898. The property at issue was the site of the old County courthouse in Holbrook, Arizona. Appellant alleged that the County had violated certain deed restrictions, thereby terminating, or giving appellant a right to terminate, the County's interest in the property. Following trial, judgment was entered in favor of Navajo County. The trial court's judgment was affirmed by this court in *Lacer v. Navajo County*, 687 P.2d 404, (Ariz.App.1983).

Navajo County subsequently filed a claim for attorney's fees and costs incurred both in the trial court and on appeal, pursuant to Rule 21, Arizona Rules of Civil Appellate Procedure. The claim was filed within ten days after the clerk had given notice that a decision had been rendered, as then required by Rule 21(a) and (c).

The court sought amicus curiae briefs from interested parties. The issue to be briefed was whether the State or any other governmental body may recover attorney's fees pursuant to A.R.S. § 12–341.01 as the prevailing party in a suit arising out of contract. We have read and considered the amicus briefs filed with the court.

■ We must first determine whether the underlying action arose out of contract. As previously mentioned appellant's action was based upon her contention that the County had violated certain deed restrictions. In order for a deed restriction to be enforceable "the restriction must have a contractual basis arising out of a contract imposing on the grantor and the grantee the obligation to observe the restrictions." *Pinetop Lakes Association v. Hatch*, 135 Ariz. 196, 198, 659 P.2d 1341, 1343 (App. 1983) *citing* 26 C.J.S. *Deeds* § 162(1) (1956). *See also Heritage Heights Home Owners Association v. Esser*, 115 Ariz. 330, 565 P.2d 207 (App.1977). (When a grantee accepts a deed containing restrictions, he assents to those restrictions and is bound to their performance as effectively as if he had executed an instrument containing them.)

■ The fact that the court determined that the deed did not contain restrictions upon the County's use of the property does not negate the County's claim for attorney's fees. A party is entitled to an award of its attorney's fees under A.R.S. § 12–341.01 if judgment in its favor is based upon the absence of the contract sued upon by the adverse party. *See Catalina Foothills Association, Inc. v. White*, 132 Ariz. 427, 646 P.2d 312 (App.1982); *Shirley v. Hartford Accident & Indemnity Company*, 125 Ariz. 70, 607 P.2d 389 (App.1978).

■ Thus, the action arises out of contract. Clearly, Navajo County was the "successful party" in this action, both at the trial court and on appeal.

We come now to the primary question this court must decide: whether the State, or any other governmental body, may recover attorney's fees pursuant to A.R.S. § 12–341.01 as the prevailing party in a suit arising out of contract. Specifically, we must decide whether Navajo County, having successfully defended in an action arising out of contract, is entitled to an award of its attorney's fees.

A.R.S. § 12–341.01 provides in pertinent part:

A. In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees. This section shall in no manner be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney's fees.

B. The award of reasonable attorney's fees awarded pursuant to subsection A should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney's fees actually paid or contracted, but such award may not exceed the amount paid or agreed to be paid.

The statute does not exclude recovery of attorney's fees by a governmental body, nor does it specifically provide that a governmental body may recover its reasonable attorney's fees should it be the "successful

party." The statute does provide that it is subordinate to other statutes which may provide for attorney's fees. The only other arguably relevant statute is A.R.S. § 12–348 which provides in pertinent part:

A. In addition to any costs which are awarded as prescribed by statute, a court shall award fees and other expenses to any party *other than this state* which prevails by an adjudication on the merits in any of the following:

1. A civil action *brought by the state* against the party. (emphasis added)

\* \* \* \* \* \*

State is defined in § 12–348(G)(3) as "this state and any agency, officer, department, board or commission of this state." The statute does not apply to counties, or other political subdivisions of the State.[2] Moreover, Navajo County did not bring the action in this case, it successfully defended in an action brought by appellant.

We see no reason for reading into A.R.S. § 12–341.01 an exclusion, preventing a governmental entity from recovering its reasonable attorney's fees should it be the successful party in an action arising out of contract. Had the legislature intended such an exclusion it would have specifically provided one. *See* A.R.S. § 12–348; A.R.S. § 12–2030.

Thus, we conclude that Navajo County is, in this court's discretion, entitled to an award of its attorney's fees pursuant to A.R.S. § 12–341.01.[3]

The County has requested an award of its attorney's fees incurred both at the trial court and on appeal. At the time the request was filed Rule 21(c), Arizona Rules of Civil Appellate Procedure, provided:

When attorneys' fees are recoverable by statute or contract, the claim for such fees in connection with the prosecution or defense of an appeal may be included in the statement of costs prescribed by Rule 21(a). The claim for attorneys' fees for the prosecution or defense of the case in superior court may also be included, provided that the superior court has not previously awarded such fees.

The County did not request an award of attorney's fees in the trial court, although it did request an award of its costs incurred in the trial court. The trial court's judgment awarded the County its costs, however the trial court subsequently disallowed recovery due to the fact that the County did not file its statement of costs within ten days after judgment as required by Rule 54(f), Arizona Rules of Civil Procedure.

We hold that Navajo County, having failed to request an award of attorney's fees in the trial court, is now precluded from recovering its fees incurred in the trial court. A.R.S. § 12–341.01 provides that attorney's fees *may* be awarded. The language is permissible, there being no requirement that the trial court grant attorney's fees to the successful party in all contested contract actions. *Autenreith v. Norville,* 127 Ariz. 442, 622 P.2d 1 (1980). We do not believe it appropriate to permit a party to forego a ruling on attorney's fees below, thereby shifting discretion from the trial court to an appellate court. Rule 21(c) is applicable to situations where a party is entitled of right, either by contract or statute, to attorney's fees in the trial court but through error was not granted such fees and has cross-appealed from such denial, *Autenreith v. Norville, supra,* or situations in which the losing party in the trial court prevails on appeal. Attorney's fees may then be awarded without the require-

---

2. Had the legislature intended that the statute apply to political subdivisions of the state, it could have specifically so provided. A.R.S. § 12–2030 specifically excludes an award of attorney's fees to "the state or any political subdivision thereof" in mandamus actions.

3. We have read and considered the recent case of *Wistuber v. Paradise Valley Unified School District,* 141 Ariz. 346, 687 P.2d 354 (Ariz.1984) in which the Supreme Court voiced its disapproval of awarding attorney's fees pursuant to A.R.S. § 12–341.01(A) where aggrieved citizens challenge the constitutionality of the action of a public body. We find the *Wistuber* case inapplicable to the facts of this case. In this case appellant is litigating an individual right against the County. Appellant's claim does not arise due to governmental action by the County. The cause of action is applicable to landowners in general; it is not peculiar to the County as a governmental entity.

ment of a remand. The rule is not a means of shifting discretion from one court to another or of negating the requirement that an appeal be taken by a party seeking to obtain additional relief from an appellate court.

Navajo County has itemized its attorney's fees and costs on appeal as follows:

| Preparation of Brief | 10 hrs. |
| Preparation of Oral Argument | 1 hr. |
| Oral Argument | 1 hr. |
| Subtotal | 12 hrs. |
| Costs on appeal | |
| Appeal Brief 55 pages × .25 cents per page × 10 copies | $137.50 |

We find the total hours and costs claimed to be reasonable. Although the date each service was performed is not provided, these portions of the statement of costs substantially comply with the dictates of *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App.1983).

We do, however, find a problem with the stated hourly charge of $70.00. Although the hourly fee seems reasonable, A.R.S. § 12–341.01(B) requires that the amount awarded "not exceed the amount paid or agreed to be paid." Under A.R.S. § 12–341.01(B), Navajo County cannot receive greater than its actual hourly cost, irrespective of the reasonableness of the hourly fee requested. The County's statement of costs provides simply: "Seventy Dollars per hour is a reasonable attorneys fee per hour." There exists no evidence as to the actual hourly cost incurred by the County. Thus, the statement of costs submitted by the County is insufficient in this regard.

Navajo County will be required to file an amended statement of costs providing a basis for its stated hourly fee. Accordingly we attempt to set forth some general guidelines to assist the County and future parties seeking recovery of their attorney's fees for in-house counsel. The amicus brief of Salt River Project Agricultural Improvement & Power District sets forth an acceptable method of ascertaining the actual expenses incurred in a particular case; that is, the share of the party's attorney's salaries which are allocable to the case based upon the time expended, plus allocat-

ed shares of the costs of office space, support staff, office equipment and supplies, law library and continuing legal education. This then would constitute a public sector composite of "overhead" similar to that of the private sector but without the profit factor.

We realize that governmental and private organizations will vary as to their method of determining hourly costs. We require only that the party requesting an award of attorney's fees provide the court with a "reasonable basis" for its stated hourly cost.

Navajo County's claim for attorney's fees incurred in the trial court is denied. The County's claim for attorney's fees on appeal is granted, subject to the County's filing an amended statement of costs setting forth an hourly fee as provided herein. The County shall have ten days from the filing of this opinion to file its statement, and appellant five days after service of such statement to file any objections.

CORCORAN and HAIRE, JJ., concur.