847 P.2d 1223

Eric H. MARCUS and Irene M. Marcus, husband and wife, Plaintiffs/Appellees,

v.

Lillian L. FOX, a single woman, and Robert A. Gold, a single man, Defendants/Appellants.

No. 2 CA–CV 87–0097.

Court of Appeals of Arizona, Division 2, Department B.

Sept. 17, 1987.

Review Denied Jan. 12, 1988.

---

DeConcini, McDonald, Brammer, Yetwin, Lacy, & Zimmerman, P.C. by David C. Anson and Michael R. Urman, Tucson, for plaintiffs/appellees.

Miller & Pitt, P.C. by John A. Baade, Tucson, for defendants/appellants.

## OPINION

ROLL, Judge.

Lillian L. Fox and Robert A. Gold (Fox) appeal from the trial court's order awarding $40,000 attorneys' fees to counsel for Eric H. Marcus and Irene M. Marcus (Marcus).

The issue presented is whether A.R.S. § 12–341.01(B), limits recovery of attorneys' fees by a prevailing party in an action arising out of contract to that amount specified in a contingency agreement between the prevailing parties and their counsel. We hold that it does.

On September 1, 1981, Marcus brought an action for fraud against Fox. A jury verdict was rendered in favor of Marcus and, pursuant to a pretrial stipulation of damages, the trial court awarded Marcus $43,401. The trial court denied Marcus's application for attorneys' fees under A.R.S. § 12–341.01(A). This court affirmed the order denying attorneys' fees. *Marcus v. Fox*, 150 Ariz. 342, 723 P.2d 691 (App.1985). Thereafter, the supreme court remanded this matter with instructions to the trial court to clarify the basis for denial of attorneys' fees. 150 Ariz. 333, 723 P.2d 682 (1986).

On remand, Fox opposed the application for attorneys' fees and included as an appendix to the opposition a copy of the retainer agreement entered between Marcus and counsel. The retainer agreement provided, "said attorneys shall receive the sum of forty percent (40%) of all amounts recovered by a compromise or judgment." The trial court then awarded $40,000 in attorneys' fees.

Fox contends that, since judgment was in the amount of $43,401 and the retainer agreement entered between Marcus and counsel specifically provided for attorneys' fees in the amount of forty percent of all amounts recovered by a judgment, by the very terms of the retainer agreement, and in compliance with A.R.S. § 12–341.01(B), attorneys' fees are limited to $17,360.

Marcus incorrectly argues that the retainer agreement and the contents thereof were never offered or admitted into evidence and may therefore not be considered by this court. The retainer agreement was attached as an appendix to Fox's opposition to the awarding of attorneys' fees and was also submitted to this court as a supplement to the record on appeal. Marcus argues that the retainer agreement, which would have been binding between Marcus and counsel, is not binding upon the trial court in the award of attorneys' fees against Fox. In the alternative, Marcus argues that if attorneys' fees are limited to forty percent of all amounts recovered, the total amount of the judgment is actually $49,513 because of accrued interest totalling $6,112 and, accordingly, attorneys' fees should be awarded in the amount of $19,805. Marcus also suggests that the award of attorneys' fees in the amount of forty percent of "all amounts recovered" entitles the attorneys for Marcus to aggregate the judgment ($43,401), interest ($6,112), and attorney's fees awarded ($40,000) in arriving at the sum of which Marcus's attorneys are entitled to forty percent. Fox contends that public policy and A.R.S. § 12–341.01(B) preclude the use of one measure of fees should the client be responsible for paying attorneys' fees and a dramatically different measure of computing attorneys' fees should the opponent be required to pay.

This court must affirm the trial court's determination if a reasonable basis exists. *Wheel Estate Corp. v. Webb*, 139 Ariz. 506, 508, 679 P.2d 529, 531 (App.1983).

In remanding this matter to the trial court, the supreme court held that Marcus's action to invalidate the contract was one "arising out of a contract" within the meaning of § 12–341.01(A). *Marcus*, 150 Ariz. at 336, 723 P.2d at 685. A.R.S. § 12–341.01(B) specifically provides that attorneys' fees awarded under this provision

"may not exceed the amount paid or agreed to be paid." In *Lacer v. Navajo County,* 141 Ariz. 392, 396, 687 P.2d 400, 404 (1984), Division One of this court held that A.R.S. § 12–341.01(B) restricts the amount of attorneys' fees recoverable to that contracted for. In this case, the amount agreed upon, and therefore the amount which may be awarded, is forty percent of the $43,401 in damages awarded pursuant to the stipulation. *Sparks v. Republic National Life Insurance Company,* 132 Ariz. 529, 647 P.2d 1127 (1982); *Jerman v. O'Leary,* 145 Ariz. 397, 701 P.2d 1205 (App.1985). The award of an additional $2,445 in attorneys' fees, representing forty percent of the $6,112 interest accumulated on the judgment, is also appropriate. *Kooperman v. Picoult,* 41 A.D.2d 980, 343 N.Y.S.2d 732 (1973). The award of attorneys' fees is accordingly modified to $19,805.

Appellants are awarded attorneys' fees on appeal in an amount to be determined upon the filing of the statement required by Rule 21, Rules of Civil Appellate Procedure, 17A A.R.S.

LIVERMORE, P.J., and FERNANDEZ, V.C.J., concur.