798 P.2d 1343

Vicki R. CHAVARRIA and Gerald G. Chavarria, husband and wife, Plaintiffs–Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE, COMPANY, an Illinois corporation, Defendant–Appellee.

No. 1 CA–CV 88–392.

Court of Appeals of Arizona, Division 1, Department C.

Feb. 27, 1990.

Review Denied Oct. 23, 1990.

Gilcrease & Martin by Glynn W. Gilcrease and Timothy J. Ryan, Tempe, for plaintiffs-appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.C. by Steven D. Smith and Lisa M. Sommer, Phoenix, for defendant-appellee.

## OPINION

KLEINSCHMIDT, Judge.

Vicki R. Chavarria and Gerald G. Chavarria appeal that portion of the judgment in a bad-faith action they brought against State Farm Mutual Automobile Insurance Company that limited their award of attorney's fees to $1,486. The case presents the following issues:

(1) whether the trial court erred in failing to consider awarding Chavarria attorney's fees under the "private attorney general" or "substantial benefit" doctrine;

(2) whether the trial court abused its discretion in finding no basis for an award of attorney's fees in favor of Chavarria under A.R.S. sections 12–341.01(C) and 12–349(A) and (F);

(3) whether the trial court erred in limiting Chavarria's award of attorney's fees under A.R.S. section 12–341.01(A) to fifty percent of her actual recovery against State Farm.

We affirm.

Vicki Chavarria was insured under a State Farm automobile insurance policy that included medical payments coverage up to $5,000 per person. In the fall of 1983, Chavarria was injured when another motorist struck her vehicle from behind.

Chavarria retained attorney Michael Trauscht to pursue her claim for personal injuries against the other driver. Although Trauscht also assisted Chavarria in processing her medical payments claim under her State Farm policy, his written contingent fee agreement with her pertained exclusively to her liability claim.

Chavarria was treated by David Israel, a chiropractor, from October 1983 through January 1984. Dr. Israel's bill totalled $1,642. Chavarria submitted a claim for this bill to State Farm under the medical payments coverage in her policy. In May 1984, State Farm paid $367 of Dr. Israel's bill, but declined to pay the balance of $1,275. Trauscht hired attorney Jack Barker to process a claim on Chavarria's behalf for insurer bad faith and breach of contract against State Farm.

Barker's affidavit in support of Chavarria's motion for an award of attorney's fees in this case stated in part:

3. That [Barker] was retained by Michael Trauscht to try the captioned matter; that it was understood and agreed at that time that at such time as the case was won, there would be filed with the court an application for attorneys' fees on an hourly basis, same to be awarded in the court's discretion at a reasonable rate, all in accordance with *Sparks v. Republican [sic] National Life Insurance Co.*, 132 Ariz. 529, 647 P.2d 1127 [sic] (1982), and *Wagenseller v. Scottsdale Memorial Hospital*, 147 Ariz. 370, 710 P.2d 1025 (1985).

However, in October 1984, Barker and Chavarria entered into a separate "contingent fee agreement." Under it, Chavarria retained the law firm of Oplinger & Barker, P.A. to represent her in connection with her medical payments claim against State Farm. The agreement provided in part:

3. In retaining attorney, it is client's understanding that the fee for attorney's services will be contingent; that is to say if no recovery is made, no fee will be charged by attorney for such representation. If there is a recovery, the fee will be 50% of any amount received either by settlement made or verdict rendered. In the event an appeal is taken by either party after entry of judgment in client's case, attorney's fees will be 50% of the amount ultimately recovered.

\* \* \* \* \* \*

10. Client agrees that attorney may at any time terminate this contract in the event that attorney's investigation discloses either that no reasonable grounds exist for pursuing this claim or that for some other reason it is not feasible to pursue this claim. In the event attorney withdraws from representing client, attorney shall receive no money for legal fees, but client shall pay the other fees and costs outlined in paragraph 4 above.

Barker brought the instant action against State Farm on Chavarria's behalf in November 1984. Barker discontinued his practice in Maricopa County in 1987 and moved to Pinetop. He informed Chavarria and Trauscht that he would be unable to carry through with the instant action, and ceased representing Chavarria. Glynn Gilcrease, the attorney who took over the representation of Chavarria, later avowed:

Trauscht suggested to plaintiff that Glynn W. Gilcrease, Jr. be retained to try the bad-faith action. After a review of the files, Gilcrease agreed to take the case, but not on a contingent fees basis. He commenced representation with the understanding that an application for fees would be presented at the conclusion of the case and he would expect his fee to be paid on an hourly basis at such time as the court would award fees pursuant to statute and applicable case law. The agreement was oral.

Gilcrease's post-trial affidavit stated:

1. I am the attorney for plaintiffs ... Chavarria. I was asked to participate in the trial of this case by Michael Trauscht and the request was joined by Jack Barker.

2. I have no direct fee agreement with the plaintiffs.

3. It was my understanding that I would work at an hourly rate with the expectation that if plaintiffs prevailed we would request fees on a contract basis.

Trauscht agreed to advance the costs incurred.

Chavarria's claim was tried over a three-week period beginning in the fall of 1987. The jury returned a verdict in favor of Chavarria on her contract claim in the amount of $472 and on her bad-faith claim in the amount of $2,500. The record on appeal does not contain a transcript of the trial.

After trial, Chavarria and State Farm both filed motions requesting attorney's fees. Chavarria based her request on A.R.S. section 12–341.01(A), A.R.S. section 12–341.01(C), and A.R.S. section 12–349(A) and (F) (Supp.1989). Chavarria's motion, though unclear, could also have been read to invoke the "private attorney general" theory as an independent basis for an award of attorney's fees.

The trial court denied State Farm's motion for attorney's fees. Concerning Chavarria's request for fees, the trial court stated:

> With respect to plaintiff Chavarria's motion for attorneys' fees, plaintiff Chavarria cites as a basis for fees, A.R.S. § 12–349(A) and (F). This court rejects an award to plaintiff Chavarria under these punitive statutory provisions. The court finds no basis in fact or law based on the record in this case for such an award against defendant State Farm.
>
> Similarly, this court rejects any award of fees under the provisions of A.R.S. § 12–341.01(C), notwithstanding the jury award of $2,500 to plaintiff Chavarria for bad faith.
>
> Under the provisions of 12–341(B) [sic], this court has discretion to award reasonable attorneys' fees to a prevailing party on a case arising out of contract.
>
> The court has already stated its finding that it considers plaintiff Chavarria the 'prevailing party' overall. The court has examined the affidavits of attorneys Gilcrease, Barker and Trauscht, and deposition testimony of Trauscht.
>
> This court determines that an award of fees is appropriate pursuant to A.R.S. § 12–341.01(A) and (B) on the contract

and bad-faith claims of plaintiff Chavarria.

> This court determines attorney Trauscht had no agreement for fees with plaintiff Chavarria under the action tried to this court and all fees on behalf of attorney Trauscht are denied.
>
> The fee agreement with attorney Barker was for 50% of any recovery. Since this court determines the appropriate statutory vehicle for fee award in this case is 12–341.01(A)(B), the fee to be awarded is derivative of this agreement and is limited by the terms of that agreement. *Marcus v. Fox*, 2 CA–CIV 87–0097, [155 Ariz. 524, 747 P.2d 1223 (App. 1987)] cited by both parties.
>
> Therefore, the court awards plaintiff Chavarria attorney fees in the amount of $1,486.

The trial court's ruling did not specifically mention Chavarria's "private attorney general" theory.

■ We begin with the settled proposition that attorney's fees may be awarded only when an agreement specifically provides for them or when they are specifically authorized by statute. *Sellinger v. Freeway Mobile Home Sales, Inc.*, 110 Ariz. 573, 521 P.2d 1119, 62 A.L.R.3d 161 (1974); *In re Estate of McConnell*, 101 Ariz. 538, 421 P.2d 895 (1966); *State Farm Mutual Automobile Ins. Co. v. O'Brien*, 24 Ariz.App. 18, 535 P.2d 46 (1975).

■ In this case Chavarria urges that the trial court should have granted her an award of attorney's fees under the "private attorney general" doctrine because insurer bad-faith litigation serves an overriding social purpose that warrants an award of attorney's fees regardless of the actual damages the plaintiff receives. While our supreme court has recognized this theory of recovery in *Arnold v. Department of Health Services*, 160 Ariz. 593, 775 P.2d 521 (1989), we do not think that it applies in this case. Those portions of the record we have before us make it plain that Chavarria pressed her claim throughout this case in the hope of recovering a large award of damages for herself, not in the hope of directing substantial benefits, financial or

otherwise, to the general public. While bad-faith recoveries against insurance companies may be a deterrent to improper conduct and thus collaterally benefit the public, this is not the type of direct benefit required. The trial court did not err in failing to grant Chavarria an award of attorney's fees under the "private attorney general" doctrine.

◼ Chavarria urges, in addition, that the trial court erred in declining to award her attorney's fees under A.R.S. section 12–341.01(C) and A.R.S. section 12–349(A) and (F). Section 12–341.01(C) provides:

Reasonable attorney's fees shall be awarded by the court in any contested action upon clear and convincing evidence that the claim or defense constitutes harassment, is groundless and not made in good faith. In making such award, the court may consider such evidence it deems appropriate and shall receive this evidence during trial on the merits of the cause, or separately, regarding the amount of such fees as it deems in the best interest of the litigating parties.

Section 12–349 provides in pertinent part:

A. Except as otherwise provided by and not inconsistent with another statute, in any civil action commenced or appealed in a court of record in this state, the court shall assess reasonable attorney's fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars against an attorney or party, including this state and political subdivisions of this state, if the attorney or party does any of the following:

1. Brings or defends a claim without substantial justification.

\* \* \* \* \* \*

F. In this section, 'without substantial justification' means that the claim or defense constitutes harassment, is groundless and is not made in good faith.

Chavarria's reasoning in support of her claim of entitlement to an award under these sections proceeds as follows. She observes that when a claim is defended without "substantial justification," which

includes a lack of good faith, sections 12–341.01(C), and 12–349(A) and (F) require the trial court to award attorney's fees. She notes that the jury in this case expressly found that State Farm had demonstrated "bad faith," and deduces that the trial court was therefore required to award her attorney's fees. Chavarria also points to the supreme court's footnote 5 in *Sparks v. Republic National Life Ins. Co.*, 132 Ariz. 529, 647 P.2d 1127, *cert. denied*, 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982), in which, after concluding that an insurer bad-faith action is one "arising out of a contract" within A.R.S. section 12–341.01(A), that court stated, "It is also conceivable that attorney's fees may be awarded pursuant to subsection (C) in a bad-faith action." *Id.*, 132 Ariz. at 544, 647 P.2d at 1142.

Chavarria cites no authority for the proposition that a finding of liability for the tort of insurer "bad faith" automatically establishes that the insurer, in defending the action to establish liability, lacked "good faith" within the meaning of A.R.S. section 12–341.01(C) and 12–349(A) and (F). We are not persuaded that such a per se proposition is correct. One might, in good faith, defend and lose a close question of bad faith. In any event, more than bad faith is required to authorize an award under A.R.S. section 12–341.01(C) or A.R.S. section 12–349(A) and (F). All three elements of harassment, groundlessness, and lack of good faith must be present. *See Gilbert v. Board of Medical Examiners*, 155 Ariz. 169, 745 P.2d 617 (App.1987). In this case, the trial court expressly found that harassment had not been proven. Under *White v. Kaufman*, 133 Ariz. 388, 652 P.2d 127 (1982), we are required to presume that the missing portions of the record in this case, including the entire transcript of the three-week trial, support the trial court's finding. There is therefore no basis on which this court could find the trial court's finding to be clearly erroneous, *see Gilbert*, and we must affirm the denial of attorney's fees under sections 12–341.01(C) and 12–349(A) and (F).

■ Finally, we consider whether the trial court erred or abused its discretion in granting Chavarria attorney's fees under A.R.S. section 12–341.01(A) limited to fifty percent of the damages the jury awarded her. Arizona Revised Statutes, section 12–341.01 provides in pertinent part:

A. In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees. This section shall in no manner be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney's fees.

B. The award of reasonable attorney's fees awarded pursuant to subsection A should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney's fees actually paid or contracted, *but such award may not exceed the amount paid or agreed to be paid.* (Emphasis added.)

Chavarria argues that State Farm cannot claim that it is protected by the contingent fee contract between Chavarria and Barker, because that agreement was aborted when Barker did not complete it. She argues in addition that attorney Trauscht could be viewed as "coordinating counsel" for Chavarria in this litigation even if he was not her attorney of record. She also asserts that an express fee agreement with the client is not necessary to recover fees, and states:

Once he [Gilcrease] reviewed the case, and saw its likelihood of success, he was free to undertake representation without formalizing a fee arrangement with Chavarria.

Chavarria further argues that because Gilcrease and Trauscht had no contingent fee contract with her, and Barker's contact was unfulfilled, fees should be awarded on a *quantum meruit* basis. She urges in some detail that the seven factors set forth in *Wagenseller*, which courts should consider in deciding whether to award fees under A.R.S. section 12–341.01(A) "lead to a decision in favor of a fee award for Chavarria." *See Wagenseller v. Scotts-*

*dale Memorial Hospital,* 147 Ariz. 370, 710 P.2d 1025 (1985). Chavarria finally contends that A.R.S. section 12–341.01(B) does not create an agreement where none exists, but merely requires adherence to an existing agreement. She argues that the requirement of subsection (B) that the fee award not exceed the "amount paid or agreed to be paid" applies only to a limitation agreed on by the client and the attorney who signed the contract.

Chavarria's analysis under subsection (A) and (B) of section 12–341.01 is off the mark. A trial court has discretion whether to award attorney's fees under subsections (A) and (B). *Suciu v. Amfac Distributing Corp.,* 138 Ariz. 514, 675 P.2d 1333 (App. 1983). Its exercise of that discretion will be upheld on appeal unless there is no reasonable basis for it in the record. *Wilcox v. Waldman,* 154 Ariz. 532, 744 P.2d 444 (App.1987). Further, it is clear that subsection (B) places an absolute upper limit on the "reasonable attorney's fees" that might otherwise be awarded under subsection (A). Thus, in *Lacer v. Navajo County,* 141 Ariz. 392, 687 P.2d 400 (App.1984), the court declined to accept the county's assertion that $70 per hour was a reasonable fee for its attorney's services, and required it to supplement its application for attorney's fees on appeal under section 12–341.01(A) with "evidence as to the actual hourly costs incurred by the county." *Id.* at 396, 687 P.2d at 404.

Contrary to the overall tenor of Chavarria's argument, the issue here is not whether Gilcrease and Trauscht are "bound" by Chavarria's contingent agreement with Barker. Rather, the issue under section 12–341.01(B) is what amount Chavarria herself paid or agreed to pay as attorney's fees in connection with the prosecution of this action. *See Associated Indemnity Corp. v. Warner,* 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985); *Sparks,* 132 Ariz. at 545, 647 P.2d at 1143. It is undisputed that Chavarria neither paid nor had any agreement to pay attorney's fees either to Trauscht or to Gilcrease. According to the record and the briefs, her only agreement was to pay attorney Barker a contingent fee of fifty percent of any recovery she

ultimately made. Under A.R.S. section 12–341.01(B), that agreement provided the sole basis for an award of attorney's fees to plaintiff under A.R.S. section 12–341.01(A), and also defined its maximum amount. Chavarria is correct in saying that her contingent fee agreement with Barker aborted. That being the case, Gilcrease might normally be entitled to recover in *quantum meruit* without being restricted by the fifty-percent maximum. Under the unique facts of this case, and especially in view of the fact that Gilcrease does not purport to have told Chavarria that there was no longer a ceiling on the fees she might be liable for, we do not believe the trial court erred in restricting those fees to fifty percent of the amount recovered.

State Farm requests an award of attorney's fees on appeal pursuant to A.R.S. section 12–341.01(A), (B), and (C); A.R.S. section 12–349; and Rule 25, Arizona Rules of Civil Appellate Procedure, 17B A.R.S. The record and the briefs do not reflect that Chavarria's appeal constitutes harassment, is groundless, and not made in good faith. State Farm is therefore not entitled to an award of fees under A.R.S. section 12–341.01(C). We also determine that none of the criteria of A.R.S. section 12–349(A) are met. Further we cannot say that this appeal was prosecuted for an improper motive or that any reasonable attorney would agree it was totally and completely without merit. *See Price v. Price*, 134 Ariz. 112, 654 P.2d 46 (App. 1982). We therefore deny any award under Rule 25. In our discretion, we deny State Farm an award of attorney's fees under A.R.S. section 12–341.01(A).

Affirmed.

FIDEL, P.J., and EUBANK, J., concur.