NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROENA L. COLE, Trustee for the A.B. & Roena Cole Joint Trust, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ASSOCIATED ASSET MANAGEMENT LLC; et al., <br><br> Defendants-Appellees. | No. 15-17233 <br><br> D.C. No. 2:15-cv-00349-DJH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted September 26, 2017[**]

Before:     SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Roena L. Cole appeals pro se the district court's judgment dismissing her action alleging federal and state law claims challenging various homeowner's association fees.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Cole's action because Cole failed to allege facts sufficient to state any plausible claim for relief. *See id.* at 341-42 (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009) (stating that a creditor is not a "debt collector" under the Fair Debt Collection Practices Act); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (explaining personal participation requirement for § 1983 claim); *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (setting forth elements of procedural due process claim); Ariz. Rev. Stat. § 33-1802(1) (homeowner association may assess association members to pay costs and expenses incurred by association); *Pinetop Lakes Ass'n v. Hatch*, 659 P.2d 1341, 1343 (Ariz. App. 1983) (purchaser of real property who has "notice of restrictive covenants" and "who accepts a deed referring to those restrictions is deemed to assent to be contractually bound by the restrictions as if he had individually executed an instrument containing them").

We reject as unsupported by the record Cole's contention that the district judge was biased.

We do not consider arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *see also*

*United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not

presented to the district court are not part of the record on appeal.").

Appellees' request for attorney's fees, set forth in the answering brief, is

denied.

Appellees' request for costs, set forth in the answering brief, is denied

without prejudice to filing a bill of costs.

**AFFIRMED.**

15-17233