NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

THE CROSSROADS ESTATES HOMEOWNERS ASSOCIATION,
*Plaintiff/Appellee*,

*v.*

LENORD H. LANDWEHR, et al., *Defendants/Appellants*.

No. 1 CA-CV 21-0378
FILED 4-21-2022

---

Appeal from the Superior Court in Maricopa County
No. CV2019-095283
The Honorable Janice K. Crawford, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Burch & Cracchiolo PA, Phoenix
By Daryl Manhart, Andrew Abraham, Casey S. Blais
*Counsel for Defendants/Appellants*

Maxwell & Morgan PC, Mesa
By Charles E. Maxwell
*Counsel for Plaintiff/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Randall M. Howe and Judge James B. Morse Jr. joined.

---

**C A M P B E L L**, Judge:

¶1         Appellants Lenord and Kimberly Landwehr appeal from the superior court's grant of summary judgment in favor of The Crossroads Estates Homeowners Association (Crossroads HOA) on the issue of whether their property is subject to the Estates' covenants, conditions, and restrictions (CC&Rs). For CC&Rs or any other real covenant to be enforceable there must be a writing which satisfies the Statute of Frauds. *Nickerson v. Green Valley Recreation, Inc.*, 228 Ariz. 309, 315, ¶ 11 (App. 2011). Because neither the Landwehrs nor their predecessors in interest signed the CC&Rs or any other satisfactory writing, the court erred by enforcing the CC&Rs against the Landwehrs. Consequently, we reverse and remand for further proceedings.

**BACKGROUND**

¶2         The Landwehrs own Lot 11 in the Crossroads Estates. The Estates' CC&Rs were recorded in 1997, and were declared and signed by 40th Street and McLellan L.L.C., which owned Lots 1 through 9 and 12 through 17 at the time. The CC&Rs established Crossroads HOA and required each "Lot" owner to, among other things, pay annual assessments for common area maintenance and improvements. The CC&Rs define "Lot" as "any of Lots 1 through 19 shown upon the Plat of Property," but a separate provision excludes Lots 18 and 19. The only specific mention of Lot 11 is a farm animal exemption. The then-owners of Lot 11, the Wermuths, did not sign the declaration of CC&Rs, nor did the then-owners of Lots 18 and 19. In fact, the document did not even contain designated signature lines nor the owners' names to allow the three lot owners to execute the document.

¶3         The Wermuths subsequently conveyed Lot 11 to Valerie Randall, who sold it to the Landwehrs in 2018. Crossroads HOA sued the Landwehrs in July 2019, asserting a lien for unpaid assessments dating back to the Landwehrs' date of purchase. In response, the Landwehrs contended

2

that Lot 11 is not subject to the CC&Rs because they were never signed by any owner of Lot 11.

¶4         On cross-motions for summary judgment, the superior court ruled in favor of Crossroads HOA determining that Lot 11 was subject to the CC&Rs and HOA assessments. The court reasoned that it was required to interpret the CC&Rs, and that if the CC&Rs "intended Lot 11 to be excluded," Lot 11 would have been included in the provision excluding Lots 18 and 19. The court interpreted the CC&Rs to subject Lots to assessments upon conveyance from a "Developer" and found that the Wermuths were "Developers" based on a separate agreement for an avigation easement. On that basis, the court concluded that Lot 11 became subject to regular assessments when the Wermuths conveyed it to Valerie Randall and that it remained subject to assessments after Randall's conveyance to the Landwehrs.

¶5         The Landwehrs moved for a new trial, which the court denied. The Landwehrs timely appealed.

## DISCUSSION

¶6         On appeal, the Landwehrs challenge the superior court's conclusion that Lot 11 is subject to the CC&Rs and the court's denial of their motion for summary judgment, requesting the dismissal of the HOA's lawsuit. In determining whether either party is entitled to summary judgment on cross-motions, we review questions of law de novo and view the facts in a light most favorable to the party against whom summary judgment was granted. *Matter of Estate of Podgorski*, 249 Ariz. 482, 484, ¶ 8 (App. 2020). The court should grant summary judgment only if it finds there are no genuine issues of material fact and that one party is entitled to judgment as a matter of law. *Grain Dealers Mut. Ins. Co. v. James*, 118 Ariz. 116, 118 (1978). Summary judgment is inappropriate if the facts, even if undisputed, would allow reasonable minds to differ. *Nelson v. Phoenix Resort Corp.*, 181 Ariz. 188, 191 (App. 1994).

## I.      Enforceability of CC&Rs Against Lot 11

¶7         Regardless of whether the CC&Rs were intended to apply to Lot 11, they are only enforceable against Lot 11 if the elements for the creation of a real covenant are met. Four prerequisites must be met to create a covenant that runs with the land in perpetuity:

> (1) there must be a writing which satisfies the Statute of Frauds;

(2) the parties must intend that the covenant run with the land;

(3) the covenant must touch and concern the land, i.e. make the land itself more useful or valuable to the benefited party; and

(4) privity of estate must exist between the original grantor and the grantee at the time the covenant is made.

*Nickerson*, 228 Ariz. at 315, ¶ 11. The Landwehrs focus on the first prerequisite, contending that no owner of Lot 11 ever agreed in writing that Lot 11 would be subject to the CC&Rs. *See Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Turner*, 196 Ariz. 631, 634, ¶ 5 (App. 2000) ("CC&Rs constitute a contract between the subdivision's property owners as a whole and individual lot owners."); *see also Phillips v. Hatfield*, 624 S.W.3d 464, 475 (Tenn. 2021) ("[A] person cannot restrict the use of another's land simply by recording restrictive covenants that purport to apply to that land."). Crossroads HOA contends that multiple documents, when read together, establish the intent that Lot 11 be bound.

**¶8** Multiple writings may satisfy the memorandum requirement if (1) one of the writings is signed and (2) the writings clearly indicate that they relate to the same transaction. *Nowell v. Andrew Wright Enters.*, 143 Ariz. 79, 83 (App. 1984) (quoting Restatement (Second) of Contracts § 132 (1979)). Crossroads HOA identifies three writings they believe satisfy the multiple writing requirements: the CC&Rs themselves, an "H.O.A. . . . Addendum" included in the Landwehrs' purchase documents, and a 1996 "Avigation Easement" signed by the Wermuths.

**¶9** As for the CC&Rs, the superior court concluded that the Wermuths were "Developers" thereunder. This finding is not supported in the document itself. While the CC&Rs refer to "Developers" more than once, there is no definition of who is a "Developer." Moreover, the Wermuths, the original owners of Lot 11, did not sign the CC&Rs, and no other record evidence shows that they agreed to accept that role.

**¶10** The HOA Addendum is signed by the Landwehrs and shows they were aware of Crossroads HOA and the assessments set forth in the CC&Rs. The Addendum does not show, however, that the Landwehrs agreed that Lot 11 would be subject to the CC&Rs, as it states that "this property is 'grandfathered in' and may have certain privileges associated with that. Buyer to investigate what those privileges are."

4

¶11 The superior court also relied on the Avigation Easement because it identifies the Wermuths as "Owners" and states that the "Owner[s] desire[] to subdivide *and develop* [the property known as Crossroads Estates] for residential purposes." (Emphasis added). The Avigation Easement has nothing to do with the CC&Rs; it simply served to grant the City of Mesa "an easement for avigation purposes over and across [Crossroads Estates]." Indeed, the Avigation Easement was executed several months before the CC&Rs. It therefore does not evidence any intent to bind Lot 11 to anything other than an aviation easement which has no relation to the CC&Rs.

¶12 Crossroads HOA also cited a "Subdivision Report" prepared by the Arizona Department of Real Estate that identified the Wermuths as "SUBDIVIDER[S]" for Crossroads Estates and stated that "[a]ll lot owners will be members of the association." Assuming without deciding the report is admissible evidence, it also fails to show the intent of the owners of Lot 11 because it was not signed by the then-owners of Lot 11, the Wermuths, nor was it signed by anyone else. *See* Ariz. R. Civ. P. 56(c)(6) ("Affidavits may be supplemented or opposed by . . . other materials that would be admissible in evidence."). The report also states that "not all of the information in this report has been verified" and that "certain information has been accepted . . . as true and accurate based on attestation of the subdivider and/or the subdivider's agents." As such, while this report may be evidence that the Wermuths knew Crossroads HOA existed, it does not show that they "acknowledged Lot 11 was subject to the CC&Rs" as Crossroads HOA contends.

¶13 The HOA also cites about a dozen documents attached to its cross motion for summary judgment, contending these "independently and collectively" satisfy the Statute of Frauds requirement. The superior court did not consider these documents because it found they were inadmissible due to a lack of proper custodial affidavits. *See* Ariz. R. Civ. P. 56(c)(5) (requiring supporting affidavit to be based on personal knowledge, to set out admissible facts, to show the affiant's competency to testify on those facts, and to attach or serve documents referenced therein). Crossroads HOA argues we should consider the documents on appeal because "almost all of [them] were either produced by the Landwehrs in response to discovery requests and/or were supported by appropriate custodial affidavits."

¶14 Documents produced in discovery are not automatically admissible, however. *See* Ariz. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.");

*Catrone v. Miles*, 215 Ariz. 446, 454, ¶ 25 (App. 2007) (differentiating between the standard for discoverability and the standard for admissibility). Moreover, the HOA's affidavits plainly fail to comply with Rule 56(e) of the Arizona Rules of Civil Procedure because they do not demonstrate personal knowledge of the documents at issue. In fact, the affidavits only specifically identify one of the documents at issue—a ledger showing payments from the Landwehr's predecessors in interest to the HOA—but that document is identified and described only by its bates number. *Cf. Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213–14, ¶¶ 18–19 (App. 2012) (holding affidavit insufficient to invoke business-records hearsay exception or support motion for summary judgement because it did not describe or attach records at issue and because affiant did not describe his personal knowledge of specific records or manner in which they were prepared and stored). The superior court was correct to decline consideration of these additional documents.

¶15            For these reasons, the writings offered by Crossroads HOA do not satisfy the Statute of Frauds. Therefore, the CC&Rs are not enforceable covenants with respect to Lot 11.

## II.    Unjust Enrichment

¶16            Crossroads HOA contends we can affirm based on unjust enrichment, asserting that the Landwehrs "have taken full advantage of all of the services and benefits" it provides. *See, e.g., Pi'Ikea, LLC v. Williamson*, 234 Ariz. 284, 289, ¶ 15 n.7 (App. 2014) ("[W]e may affirm a trial court's grant of summary judgment if it is correct for any reason."). Crossroads HOA cites no record evidence to show this matter was even addressed in the superior court. Their statement of facts in support of their motion for summary judgment asserted only that the Landwehrs "acknowledged they received at least irrigation benefits at the expense of [Crossroads HOA]," citing correspondence between the parties' counsel.

¶17            In any event, this appeal arises from a stipulated judgment for foreclosure of a homeowners' association lien, and the superior court only granted summary judgment regarding "whether Lot 11 is subject to the CC&Rs including payment of assessments." Moreover, the parties dispute whether Crossroads HOA properly pleaded an unjust enrichment claim. As such, whether the Crossroads HOA can prevail on an unjust enrichment claim and, if so, what their recovery would be remains unresolved.

## III.  Attorneys' Fees and Costs

¶18     Both sides request their attorneys' fees and costs incurred in this appeal. The Landwehrs also request that we "direct[] the superior court [on] remand to . . . award their costs and attorneys' fees incurred in the superior court proceedings." We grant the Landwehrs' request under A.R.S. § 12-341.01(A), but only as to attorneys' fees and taxable costs incurred in this appeal. *See Lacer v. Navajo Cnty.*, 141 Ariz. 392, 394 (App. 1984) ("A party is entitled to an award of its attorney's fees under A.R.S. § 12-341.01 if judgment in its favor is based upon the absence of the contract sued upon by the adverse party."). The superior court may consider whether to award attorneys' fees and costs at the conclusion of the case. *See Schwab Sales, Inc. v. GN Constr. Co., Inc.*, 196 Ariz. 33, 37, ¶ 11 (App. 1998) (party may recover attorneys' fees under A.R.S. § 12-341.01(A) on an unjust enrichment claim if the claim "would not exist but for a contract").

## CONCLUSION

¶19     We reverse the grant of summary judgment for Crossroads HOA and remand with instructions to enter judgment for the Landwehrs on Crossroads HOA's lien foreclosure claim. We vacate the associated attorneys' fees and costs award and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:          JT