NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN DANKO, III, *Plaintiff/Appellant,*

*v.*

BERNADETTE ANGELICA RUIZ, *Defendant/Appellee.*

No. 1 CA-CV 24-0454
FILED 01-21-2025

Appeal from the Superior Court in Maricopa County
No. CV2023-093439
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

COUNSEL

John Danko III, PE, Mesa
*Plaintiff/Appellant*

Smith Law Group, Tucson
By Christopher J. Smith, Kathleen L. Leary
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge Jennifer B. Campbell joined.

**C R U Z**, Judge:

¶1 Plaintiff John Danko III appeals the superior court's dismissal of his civil complaint against defendant Bernadette A. Ruiz. Because Danko has shown no error, the dismissal is affirmed.

## FACTUAL AND PROCEDURAL HISTORY

¶2 This case is one of several suits Danko has filed against counsel he retained or sought to retain. Both the Maricopa County Superior Court and this court have previously designated him a vexatious litigant. Ariz. Ct. App., Div. 1, Admin. Ord. No. 2024-10; Maricopa Cnty. Super. Ct. Admin. Ord. No. 2023-0135; *Danko v. Dessaules*, 2023 WL 5214129, at *3 ¶ 15 (Ariz. App. Aug. 15, 2023) (mem. decision).

¶3 In July 2023, Danko filed this case as a self-represented litigant in Maricopa County Superior Court. Danko's complaint asserts that Ruiz "entered into [an] attorney-client contract and relationship" with him, and alleges Ruiz "failed to perform or provide representation as agreed." Danko's complaint also alleges several other claims including defamation, slander, and libel based on "numerous false claims and derogatory insults made to multiple parties and organizations," trespass, conversion, negligence, invasion of privacy, and fraud.

¶4 In October 2023, Danko began the current action by serving Ruiz at her home in Tucson, located in Pima County; Ruiz subsequently moved to transfer venue to Pima County. Ruiz provided an affidavit asserting that she has resided in Pima County for 40 years. She also stated she consulted with Danko once in 2017 at her office in Pima County, and that she "confirmed in multiple correspondence that [she] did not agree to accept [Danko] as a client and [she] was never retained nor engaged to represent him at any time and in any matter."

¶5 Additionally, Ruiz' motion provided evidence that Danko previously filed a justice court case against Ruiz in Maricopa County, which was dismissed without prejudice for improper venue.

¶6 The Maricopa County Superior Court then transferred venue to Pima County, and Ruiz paid the transmittal fee. The Pima County clerk's office notified Danko that "the case will be dismissed or abandoned without prejudice" if he did not pay the filing fee. It later returned the case to Maricopa County as abandoned for his failure to pay.

**¶7** Ruiz then filed a motion to dismiss in Maricopa County based on Danko's abandonment of the case. After full briefing, the court found Danko failed to pay the filing fee required under A.R.S. § 12-407(E) and dismissed Danko's complaint without prejudice. The court also found the case arose out of a purported contract, so Ruiz could request an award of attorneys' fees under *Lacer v. Navajo County*, 141 Ariz. 392, 394 (App. 1984).

**¶8** In May 2024, the superior court issued a final judgment granting Ruiz her attorneys' fees and taxable costs. Danko timely appealed. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

I.      Waiver

**¶9** Danko's opening brief fails to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13. ARCAP 13(a)(7)(A) requires arguments to include "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the . . . record." "[W]e consider waived those arguments not supported by adequate explanation, citations to the record, or authority." *In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013). Danko does not support any of his arguments with adequate explanation or citations to the record, thus waiving them.

**¶10** Danko's briefs also raise facts and arguments unrelated to this appeal, and he spends several pages discussing actions of non-parties. A substantial portion of Danko's opening brief also discusses personal jurisdiction, arguing Ruiz has "minimum contacts" with Arizona. Personal jurisdiction is not at issue here.

**¶11**    Danko appears to have copied much of his opening brief in this case from his other appeals, echoing many of his previous arguments that are irrelevant here.[1]  This court has repeatedly sanctioned Danko for presenting these improper arguments.  *See id.*; *see* ARCAP 25 (authorizing sanctions when a party violates ARCAP).

**¶12**    Waiver notwithstanding, the superior court did not err when it dismissed Danko's complaint.

II.    Abandonment

**¶13**    A superior court's venue ruling based on factual issues is reviewed for abuse of discretion.  *Yarbrough v. Montoya-Paez*, 214 Ariz. 1, 4, ¶ 11 (App. 2006).  On appeal, Danko has not shown—or even argued—that it was improper for this case to be transferred to Pima County.  Instead, Danko argues that he paid the filing fees and "went to extraordinary efforts for Pima County Superior Court to transfer the case" and "pleaded many times for Pima Superior Court to obey the court's order, transfer the case, and finally to create a case number for the case," but provides no record evidence that he made the payment as ordered.  "[W]here an incomplete record is presented to an appellate court, the missing portions of that record are to be presumed to support the action of the trial court."  *Cullison v. City of Peoria*, 120 Ariz. 165, 168, n.2 (1978) (citation omitted).  Accordingly, Danko has shown no error.

III.    Attorneys' Fees and Costs

**¶14**    Danko requests attorneys' fees and costs pursuant to ARCAP 21 and ARCAP 25.  We deny his request because ARCAP 21 does not provide an independent basis for an award of attorneys' fees and because Danko did not cite a statute, rule, or other substantive authority for his request.  *See* ARCAP 21(a)(2).  Danko has also shown no sanctionable conduct by Ruiz to serve as a basis for an award under ARCAP 25.

---

[1] *See Danko v. Dessaules*, 1 CA-CV 23-0017, 2023 WL 5214129 (App. Aug. 15, 2023) (mem. decision); *Danko v. Strom*, 1 CA-CV 22-0583, 2023 WL 5977229 (App. Sept. 14, 2023) (mem. decision); *Danko v. Hawkins*, 1 CA-CV 22-0781, 2023 WL 7164310 (App. Oct. 31, 2023) (mem. decision); *Danko v. Whiting*, 1 CA-CV 24-0001, 2024 WL 3949057 (App. Aug. 27, 2024) (mem. decision); *Danko v. Ameika*, 1 CA-CV 24-0045, 2024 WL 4026000 (App. Sept. 3, 2024) (mem. decision).

**¶15** Ruiz also requests sanctions under ARCAP 25, as well as attorneys' fees and costs on appeal pursuant to ARCAP 21 and A.R.S. § 12-341.01, which Danko does not dispute. Because Danko has not complied with this court's rules, we award a portion of Ruiz' reasonable attorneys' fees incurred on appeal, as well as her taxable costs, contingent upon her compliance with ARCAP 21.

## CONCLUSION

**¶16** For the foregoing reasons, we affirm.

