723 P.2d 682

Eric H. **MARCUS** and Irene M. Marcus, husband and wife, Appellees,

v.

Lillian L. **FOX**, a single woman, and Robert A. **Gold**, a single man, Appellants.

No. 18552–PR.

Supreme Court of Arizona, En Banc.

July 25, 1986.

Reconsideration Denied Sept. 9, 1986.

DeConcini McDonald Brammer Yetwin & Lacy, P.C. by David C. Anson and Michael R. Urman, Tucson, for appellees.

Miller & Pitt, P.C. by John A. Baade, Tucson, for appellants.

HAYS, Justice.

Eric and Irene Marcus ("Marcus") have petitioned this court to review an opinion of the Court of Appeals which affirmed the trial court's denial of Marcus' request for attorney fees. *Marcus v. Fox*, 150 Ariz. 342, 723 P.2d 691 [1986]. We granted review in order to resolve a conflict between the two appeals court divisions and because of the importance of this question to attorneys and their clients. Rule 13, Ariz.R.Civ. App.P., 17A A.R.S. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24. The issue we consider is whether an action for rescission and/or damages based on a claim that a contract was fraudulently induced is one "arising out of a contract" within the attorney's fees statute, A.R.S. § 12–341.01(A). We find that it is.

On September 1, 1981, Marcus filed an action against Lillian L. Fox and Robert A. Gold ("Fox") claiming that Fox had fraudulently induced him to enter a contract to purchase an apartment complex in Tucson, Arizona. Following a trial, the jury returned a verdict finding that Marcus had in fact been fraudulently induced to enter the contract. Pursuant to a pretrial stipulation of damages, the trial court then awarded Marcus $43,401.

In accordance with A.R.S. § 12–341.-01(A), Marcus filed an application for attorney's fees. In opposition to the request, Fox claimed that (1) A.R.S. § 12–341.01(A) did not apply to the case because it was a tort action, not involving the breach of any contract, and (2) even if A.R.S. § 12–341.-01(A) was applicable, the court should deny fees as a matter of discretion. The trial court subsequently issued a minute entry denying Marcus' application for attorney's fees. The minute entry did not, however, state the basis for the court's ruling.

The Court of Appeals, Division Two, affirmed the trial court's denial of attorney's fees to Marcus. The Court stated that since A.R.S. § 12–341.01(A) allows an award of attorney's fees in actions "arising out of a contract," and no breach of contract was alleged by Marcus, the trial court was correct in not awarding attorney's fees under the statute. We disagree.

Traditionally, under the "American Rule," the prevailing party in litigation is not entitled to recover his attorney's fees. Rather, each party bears its own attorney's fees regardless of who prevails. *Wagenseller v. Scottsdale Memorial Hospital*, 147 Ariz. 370, 391, 710 P.2d 1025, 1046 (1985) (supplemental opinion); DOBBS, HANDBOOK ON THE LAW OF REMEDIES § 3.8 at 194 (1973). Attorney's fees may be allowed, however, where some specific statute so provides. DOBBS, *supra*. A.R.S. § 12–341.01(A) authorizes an award of reasonable attorney's fees to a prevailing party "[i]n any contested action arising out of contract, express or implied, ..." Once the decision to award attorney's fees has been made, subsection B of the statute grants the trial court broad discretion in determining the amount of the award. *Assoc. Indem. Corp. v. Warner*, 143 Ariz. 567, 569–70, 694 P.2d 1181, 1183–84 (1985).

While there are several threshold requirements that must be satisfied before an award of attorney's fees can be made, we are concerned here only with the requirement that the action be one "arising out of a contract." In the past, Arizona courts have broadly interpreted what types of transactions are included within this clause. *See, e.g., Pinetop Lakes Assoc. v. Hatch*, 135 Ariz. 196, 659 P.2d 1341 (App. 1983) (action to enforce restrictive covenant arises out of contract within § 12–341.01); *Shirley v. Hartford Acc. & Indem. Co.*, 125 Ariz. 70, 607 P.2d 389 (App.1979) (§ 12–341.01 permits an award of attorney's fees where defendant can prove absence of contractual relationship); *Nationwide Mutual Ins. Co. v. Granillo*, 117 Ariz. 389, 573 P.2d 80 (App.1977) (prevailing defendants in action filed by insurer for declaratory judgment that its policy did not provide coverage were entitled to attorney's fees under § 12–341.01).

Recently, the broadest and most complex application of the phrase "arising out of a contract" has occurred in those cases involving both contract and tort theories. *See generally*, Note, *Statutory Attorney's Fees in Arizona: An Analysis of A.R.S. Section 12–341.01*, 24 Ariz.L.Rev. 659, 661 (1982). In these cases, the plaintiff usually alleges a combination of tort and contract claims, or merely a tort claim which has as its basis the breach of a contract. Regardless of the form of the pleadings, this court will look to the nature of the action and the surrounding circumstances to determine whether the claim is one "arising out of a contract." *Wenk v. Horizon Moving & Storage Co.*, 131 Ariz. 131, 132, 639 P.2d 321, 322 (1982).

The leading case in this area is *Sparks v. Republic National Life Insurance Co.*, 132 Ariz. 529, 647 P.2d 1127 (1982). In *Sparks*, the plaintiffs successfully brought an action against their insurer claiming, in part, breach of contract and bad faith (tort). In determining whether the action was one "arising out of a contract" pursuant to § 12–341.01, we stated that attorney's fees may be awarded "upon facts which show a breach of contract, the breach of which may also constitute a tort." *Id.* at 543, 647 P.2d at 1141. The fact that the two legal theories are intertwined, we explained, does not preclude recovery of attorney's fees under § 12–341.01(A) "as long as the cause of action in tort could not exist *but for* the breach of the contract." *Id.*

Applying these principles to the facts in *Sparks*, we found that the tort of bad faith could not have been committed absent the existence of an insurance contract and a breach thereof. 132 Ariz. at 544, 647 P.2d at 1142. The basis for this finding was the legal duty, implicit in an insurance contract, that the insurer deal in good faith with its insured. *Id.* at 543–44, 647 P.2d at 1141–42, quoting *Noble v. National American Life Ins. Co.*, 128 Ariz. 188, 190, 624 P.2d 866, 868 (1981). Because the tort of bad faith was "so intrinsically related to the contract," we held that the insured's action was one "arising out of a contract" within § 12–341. *Sparks v. Republic National Life Insurance Co.*, 132 Ariz. at 544, 647 P.2d at 1142.

In the instant case, Fox argues that, based on our decision in *Sparks*, attorney's fees cannot properly be awarded under § 12–341.01(A) as this is purely a tort action and no *actual breach* of a contract is involved. Marcus, however, urges us to adopt the more liberal view followed by the appeals court in *Ash v. Mesa Unified School Dist.*, 138 Ariz. 190, 673 P.2d 934 (App.1983). There, the phrase "arising out of a contract" was interpreted to mean any action in which a contract was a *factor* in causing the dispute. (*But see Lewin v. Miller Wagner & Co.* [No. 1 CA–CIV 7809, filed March 25, 1986]). While we hold that attorney's fees are not appropriate based on the mere existence of a contract somewhere in the transaction, we agree with Marcus that the requisite causal link between his claim and the underlying contract is present.

As we said in *Sparks*, the language of § 12–341.01(A) clearly states that attorney's fees are recoverable only in cases "arising out of a contract." 132 Ariz. at 543, 647 P.2d at 1141. We believe this language is not limited to only those cases in which a contract is entered into and subsequently breached (*Sparks*). It may also include those cases in which a contract is entered into and later found void due to a claim of fraudulent inducement.[1] For example, in the present case, Marcus was attempting to invalidate the contract with Fox. It was that contract which prompted

---

1. We note, without deciding the issue, that the result may differ where the claim is one of fraud, in general, and not fraud in the inducement of a contract. A general claim of fraud may not depend upon the existence of a contract as is inherent in a claim for fraud in the inducement. *See, e.g., Sparks v. Republic Nat.*

*Life Ins. Co.*, 132 Ariz. at 544, 647 P.2d at 1142 (action for misrepresentation, as opposed to action for bad faith, sounds mainly in tort and its existence does not depend upon a breach of contract; therefore, it is not an action "arising from a contract").

this suit and also served as the basis for his claim. Stated otherwise, Marcus' cause of action for tort could not have existed but for the fraudulently induced contract. Accordingly, we find the Marcus' action to invalidate the contract was one "arising out of a contract" within the meaning of § 12–341.01(A).

Our holding today comports with the stated public policy behind § 12–341.01(A) —"to mitigate the burden of the expense of litigation to establish a just claim or defense." § 12–341.01(B); *Shirley v. Hartford Acc. & Indem. Co.*, 125 Ariz. at 71, 607 P.2d at 390; *Nationwide Mutual Ins. Co. v. Granillo*, 117 Ariz. at 395, 573 P.2d at 86. A contrary result in this case would be inconsistent with this policy. By allowing attorney's fees only where there is a breach of a valid contract and not where the dispute concerns the validity of the contract, the result would be both inequitable and unjust.

In the present case, the trial court awarded Marcus damages based on the jury's finding that he had been fraudulently induced to enter the contract. Marcus' request for attorney's fees under § 12–341.01(A) was denied. The trial judge did not, however, indicate the basis for his denial in the record. Apparently, neither party requested that he do so. As such, we do not know if the trial court found that Marcus (1) could not recover attorney's fees under § 12–341.01(A); or (2) could recover attorney's fees under that section but denied them as a matter of discretion. Thus, we remand the matter to the trial court to clarify its basis for denying the request for attorney's fees. If the basis for the trial court's decision was that Marcus could not recover under § 12–341.01(A), it is ordered that a new finding be entered and the trial court then decide how best to exercise its discretion. If, however, the basis for the denial was that statutory attorney's fees were available to Marcus but were not warranted in this particular case, we affirm that exercise of discretion.

That portion of the Court of Appeals opinion affirming the denial of attorney's fees is vacated. The matter is remanded to the trial court for further proceedings.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON, J., concur.

Note: Justice FELDMAN did not participate in the decision of this matter.