747 P.2d 1211

**John P. MORRIS and Barbara D. Morris, husband and wife, Defendants/Counter–Claimants / Appellants / Cross–Appellees,**

**v.**

**ACHEN CONSTRUCTION COMPANY, INC., an Arizona corporation; Sanders T. Achen and Roxanne M. Achen, husband and wife; Brett J. Hunsinger; Jalma Hunsinger, Plaintiffs/Counter–Defendants/Appellees/Cross-Appellants.**

**No. CV–86–0360–PR.**

Supreme Court of Arizona,
En Banc.

Dec. 10, 1987.

Reconsideration Denied Feb. 2, 1988.

Gallagher & Kennedy, P.A. by Michael L. Gallagher and Kevin E. O'Malley, Phoenix, for John P. Morris and Barbara D. Morris.

Law Offices of Mitchell C. Laird, P.C. by Mitchell C. Laird and Douglas H. Cook, Phoenix, for Brett J. Hunsinger and Jalma Hunsinger.

Ronald L. Junck, P.C. by Ronald L. Junck, Phoenix, for Achen Const. Co., Sanders T. Achen and Roxanne M. Achen.

MOELLER, Justice.

## JURISDICTION

We granted review in this case limited to two issues. The first concerned the propriety of an award of attorneys' fees under A.R.S. § 12–341.01(A). The second concerned the propriety of the language of the trial court's jury instruction on recoupment. Upon full review of the record, we agree with the court of appeals that the language of the recoupment instruction is not a proper subject for appellate review because no proper objection was made in the trial court. *Southern Pacific Trans. Co. v. Lueck*, 111 Ariz. 560, 535 P.2d 599 (1975). Therefore, this opinion is confined to consideration of the attorneys' fees portion of the judgment. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Rule 23, Arizona Rules of Civil Appellate Procedure, 17A A.R.S.

## FACTS

The background facts are set forth in the opinion of the court of appeals, 155 Ariz. 507, 747 P.2d 1206 (1986). Since we deal with a single legal issue, no additional statement of facts is necessary. Reduced to the bare essentials, this case and the issue it presents may be posed as follows: A sues B alleging that B fraudulently induced A to enter into a contract with C. B successfully defends against A's fraud claim. Under A.R.S. § 12–341.01(A), may B recover from A the attorneys' fees incurred in the successful defense? We conclude that B cannot; therefore, we reverse the attorneys' fees award.

## INAPPLICABILITY OF A.R.S. § 12–341.01(A)

A.R.S. § 12–341.01(A) provides as follows:

> In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees.

After the jury resolved the fraudulent inducement claims against the Morrises (A in our hypothetical), the trial court determined that A.R.S. § 12–341.01(A) permitted the imposition of attorneys' fees against them. The trial court reasoned, in part, as follows:

> [I]f the Morrises were not unhappy with the performance of the construction contract they would not have imagined they might have fraud, conspiracy and punitive damages claims against the Hunsingers. The perceived existence of the torts in this case is so intrinsically related to the construction contract between the parties that this Court concludes that all aspects of the Morrises' claims against the Hunsingers arose out of a contract within the meaning of § 12–341.01A....

The court of appeals upheld the fee award but used a somewhat different analysis. That court reasoned:

> The Morrises sued the Hunsingers for fraud. One of the nine elements of fraud is damages. (Citation omitted.) The only damages that the Morrises are seeking redressment for are those for breach of contract. Therefore, the Morrises' claim for fraud against the Hunsingers could not exist but for the breach of the contract. The trial court acted within its discretion in awarding attorneys' fees pursuant to § 12–341.01(A).

We believe the court of appeals based its analysis upon a faulty factual assumption; namely, that the Morrises only sought damages for breach of contract in their fraud claims. In fact, a major part of their damage claim was for $250,000.00 or more in punitive damages, which claim was indisputably based on allegations of fraud, not breach of contract. Although the Morrises' claims against the Achens were based on breach of contract, all of their claims against the Hunsingers were based on fraud and were submitted to the jury on that theory.

The question is whether the fraud action between A and B is an action "arising out of contract" because the alleged fraud caused A to enter into a contract with C. Both the trial court and the court of appeals concluded that our decision in *Sparks v. Republic National Life Ins. Co.*, 132 Ariz. 529, 647 P.2d 1127 (1982), permit-

**514**

ted recovery of attorneys' fees here. *Sparks* held that an action in tort may give rise to an award of attorneys' fees if the tort action could not exist but for the breach of the contract. 132 Ariz. at 544, 647 P.2d at 1141. It is clear that the tort of fraudulently inducing one to enter into a contract can be committed without there also being a breach of the contract itself. Indeed, the tort of fraudulent inducement would necessarily be completed before a breach of the contract could occur. *See generally, Restatement (Second) of Contracts* § 167 (1981). In a fraudulent inducement case, the evidence offered to prove the tort does not also prove a breach of contract. Thus, the basic *Sparks* criterion for recovery of fees is not met in this case.

Furthermore, in *Sparks*, we specifically contrasted an action for insurance bad faith with an action for misrepresentation under A.R.S. § 20–443, the statute prohibiting misrepresentations relative to insurance policies. We stated that while attorneys' fees would be recoverable in the bad faith action, such fees would not be recoverable in a misrepresentation action under A.R.S. § 20–443, because the misrepresentation action would not depend upon a breach of the insurance contract.

Thus, *Sparks* itself demonstrates that fraudulently inducing one to enter into a contract with a third party is not the type of tort falling within the ambit of A.R.S. § 12–341.01(A), a conclusion which is reinforced by the case of *Barmat v. Partners,* 155 Ariz. 519, 747 P.2d 1218 (1987), filed this date. In *Barmat,* we said:

> Where, however, the duty breached is not imposed by law, but is a duty created by the contractual relationship, and would not exist "but for" the contract, then breach of either express covenants or those necessarily implied from them sounds in contract. *Sparks, supra; Lewin, [v. Miller Wagner & Co.,* 151 Ariz. 29, 725 P.2d 736 (App.1986) ], *supra.* The essence of such actions arises "out of a contract," eligible for an award of fees under the statute.

The duty not to commit fraud is obviously not created by a contractual relationship and exists, as here, even when there is no contractual relationship between the parties at all.

Lastly, we note that this case is unlike *Marcus v. Fox,* 150 Ariz. 333, 723 P.2d 682 (1986). In *Marcus,* one of the parties to a contract sued the other party to the contract, claiming that he had been fraudulently induced to enter the contract. We held that where the validity of the contract was challenged on grounds of fraudulent inducement, the claim was one "arising out of contract" within the meaning of A.R.S. § 12–341.01(A). However, the *Marcus* court stressed that "attorneys' fees are not appropriate based on the mere existence of a contract somewhere in the transaction." In the instant case, the parties to the litigation are not the parties to the contract, and there is no contention, as between them, that any contract is invalid. This is wholly an action for damages for fraud where the alleged fraud is claimed to have resulted in one party entering into a contract with a third party. Nothing in A.R.S. § 12–341.01(A), *Sparks, Marcus,* or *Barmat,* justifies an award of attorneys' fees as between these parties.

## DISPOSITION

We reverse the Hunsingers' judgment for attorneys' fees against the Morrises. We vacate parts IV and V of the court of appeals' opinion. We dismiss the petition for review as having been improvidently granted insofar as issue I.B is concerned. Since we do not reach the question presented by issue I.B, we express no opinion relative to the propriety of the language of the recoupment instruction referred to in the court of appeals' opinion. This case is remanded to the trial court for further proceedings in accordance with this opinion and the unvacated portions of the court of appeals' opinion.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and HOLOHAN, JJ., concur.