951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Earl W. CAREY, Plaintiff-Appellant,
v.
INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York
corporation, Defendant-Appellee.
 No. 90-15528.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 1, 1991.
Decided Dec. 13, 1991.
 
 1
 Before FARRIS and O'SCANNLAIN, Circuit Judges, and LEW,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Carey alleged breach of an employment contract, fraud, and intentional infliction of emotional distress in this wrongful termination case against his employer International Business Machines Corporation ("IBM"). The district court granted summary judgment for IBM.
 
 
 4
 The dispositive issue is Carey's employment status. Carey alleged IBM's employment policies and actions, and statements in its personnel manual, changed his relationship with IBM from at-will employment into employment with implied-in-fact contract rights limiting IBM's power to discharge him at will.
 
 
 5
 Under Arizona law, at-will employees can be fired for good cause or no cause. Wagenseller v. Scottsdale Memorial Hosp., 147 Ariz. 370, 375, 710 P.2d 1025, 1030 (1985). An employer's right to discharge at-will employees may be further limited by the terms of a personnel manual if it modifies the at-will relationship, thus creating an implied-in-fact employment contract. Id. at 376, 710 P.2d at 1036; Leikvold v. Valley View Community Hosp., 141 Ariz. 544, 546, 688 P.2d 170, 172 (1984). Factors pertinent to determining whether a manual has altered the at-will relationship include "the language used in the personnel manual as well as the employer's course of conduct and oral representations regarding it." Id. at 548, 688 P.2d at 174.
 
 
 6
 Carey's purported evidentiary showings fail to overcome IBM's disclaimer, and the plain language in the personnel manual on termination of employees, sufficient to raise an issue of material fact. The personnel manual contains express statements retaining IBM's right to discharge employees at any time at its option, and a disclaimer that the manual did not create any express or implied obligations on IBM. The manual states that "IBM has not established any specific term of employment." Indeed, Arizona law presumes that employment with an indefinite term, as was Carey's, is at-will employment. Wagenseller, 147 Ariz. at 381, 710 P.2d at 1036; Wagner v. City of Globe, 150 Ariz. 82, 84, 722 P.2d 250, 252 (1986).
 
 
 7
 The district court properly held that Carey's status was that of an at-will employee. See Chambers v. Valley Nat'l Bank, 721 F.Supp. 1128, 1132 (D.Ariz.1988) (manuals do not become part of an implied employment contract if they expressly disclaim that fact and reserve for both parties the right to terminate employment at will). IBM's statements at meetings, in newsletters, and in the personnel manual discussing general themes of respect for the individual, high standards of performance by company and employees, and the review process for grievances did not modify Carey's at-will status. IBM, as the moving party, satisfied its burden that there were no genuine issues of material fact to be decided in this case and that it was entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
 
 
 8
 Carey's allegation of intentional infliction of emotional distress fails because Carey was reasonably and properly discharged as an at-will employee. Carey alleged breach of an implied contract, not a bad faith discharge. Carey asserted no facts other than his assertion that IBM's conduct was extreme and outrageous. In contrast, IBM followed its normal company grievance and termination policies. No evidence was presented that IBM intended, or recklessly disregarded, a near certainty of Carey suffering emotional distress. Indeed, there is no showing that Carey suffered severe emotional distress or ever sought medical or psychiatric assistance. See Watts v. Golden Age Nursing Homes, 127 Ariz. 255, 258, 619 P.2d 1032, 1035 (1980) (listing elements of emotional distress claims).
 
 
 9
 Furthermore, Carey offers no facts to support his fraud claim. See Marcus v. Fox, 150 Ariz. 342, 344, 723 P.2d 691, 693 (Ct.App.1985) (and cited cases) (plaintiff must prove all nine elements of common law fraud by clear and convincing evidence), vacated on other grounds, 150 Ariz. 333, 723 P.2d 682 (1986). Carey alleged that IBM misrepresented the scope and fairness of its employee grievance policies. His purported evidence of fraud is insufficient to avoid summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 10
 Summary judgment was properly granted for IBM.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3