**FIRST BANK OF MARIETTA,**
**Plaintiff-Appellant,**

v.

**C. Benson HUFFORD; Hufford, Hortsman, McCullough & Mongini, P.C.,**
**Defendants-Appellees.**

No. 99–16941.
D.C. No. CV–97–00740–RCB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2001.

Decided March 23, 2001.

Before B. FLETCHER, FERNANDEZ, and PAEZ, Circuit Judges.

## MEMORANDUM [*]

First Bank of Marrietta brought this action against C. Benson Hufford and his law firm, Hufford, Horstman, McCullough & Mongini (collectively "Hufford"). It alleges that Hufford negligently or fraudulently induced it to purchase an illegal lease. The district court held that First Bank was collaterally estopped from litigating the issue of the lease's validity due to earlier litigation between it and Kayenta Unified School District. We affirm.

(1) First Bank argues that because it did not oppose Kayenta's motion for summary judgment, the district court erred when it found that its claim was "actually litigated." We disagree. Although First Bank did not file papers opposing the summary judgment motion, it did fully participate in proceedings leading up to that. Moreover, following summary judgment, it filed motions for reconsideration and appealed to the Arizona Court of Appeals. First Bank had a more than ample opportunity to argue its position and did so. The district court did not err. *See Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573, 716 P.2d 28, 30 (Sup.Ct. 1986); *see also FDIC v. Daily (In re Daily)*, 47 F.3d 365, 368 (9th Cir.1995) (citing *United States v. Gottheiner (In re Gottheiner)*, 703 F.2d 1136 (9th Cir.1983)).

Likewise, the district court did not err when it held that the state court's

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

determination of the lease's validity was essential to its decision. The state court of appeals stated that the lease was valid because that was a necessary predicate to the decision which it was affirming. First Bank's argument that the issue was not essential fails. *See Gilbert v. Ben–Asher*, 900 F.2d 1407, 1410 (9th Cir.1990); *cf. Garcia v. Gen. Motors Corp.*, 195 Ariz. 510, 514, 990 P.2d 1069, 1073 (Ct.App.1999); *Collins v. Miller & Miller, Ltd.*, 189 Ariz. 387, 397, 943 P.2d 747, 757 (Ct.App.1996).

■ (2) Hufford requests attorneys's fees for both the district court action and this appeal. Because Hufford has not appealed the district court's order denying fees, that issue is not properly before us. He is not entitled to fees on appeal. Under Ariz.Rev.Stat. § 12–341.01, a court may grant reasonable attorney's fees to the successful party in "any contested action arising out of a contract, express or implied." This is not an action "arising out of a contract;" it is a claim of wrongful issuance of an opinion letter by an attorney. *See Morris v. Achen Constr. Co., Inc.*, 155 Ariz. 512, 514, 747 P.2d 1211, 1213 (Sup.Ct.1987) (holding that "fraudulently inducing one to enter into a contract with a third party is not the type of tort falling within the ambit of A.R.S. § 12–341.01(A)"); *cf. Barmat v. John & Jane Doe Partners A–D*, 155 Ariz. 519, 524, 747 P.2d 1218, 1223 (Sup.Ct.1987) (en banc) (holding professional malpractice claim not contractual); *Baird v. Pace*, 156 Ariz. 418, 422, 752 P.2d 507, 511 (Ct.App.1988) (same).

AFFIRMED.