**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO LOPEZ, a married man in his sole & separate right, | No. 09-17417 |
| Plaintiff - Appellee, | D.C. No. 4:03-cv-00167-JMR |
| v. | MEMORANDUM[*] |
| MUSINORTE ENTERTAINMENT CORPORATION, a New Mexico corporation; HURACANES, INC., a California corporation; HERACLIO GARCIA, husband; ROSA GARCIA, wife; FRANCISCO GARCIA, husband; IRMA GARCIA, wife; JESUS GARCIA, a single man; GUADALUPE GARCIA, husband;  LOS HURACANES DEL NORTE, an Arizona partnership, | |
| Defendants - Appellants, | |
| and | |
| DORA LETICIA GARCIA, wife | |
| Defendant. | |

| | |
|---|---|
| ALEJANDRO LOPEZ, a married man in his sole & separate right, | No. 10-16637 |

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff - Appellee,

v.

MUSINORTE ENTERTAINMENT
CORPORATION, a New Mexico
corporation; HURACANES, INC., a
California corporation; HERACLIO
GARCIA, husband; ROSA GARCIA,
wife; FRANCISCO GARCIA, husband;
IRMA GARCIA, wife; JESUS GARCIA, a
single man; GUADALUPE GARCIA,
husband; DORA LETICIA GARCIA,
wife; LOS HURACANES DEL NORTE,
an Arizona partnership,

Defendants - Appellants.

Appeal from the United States District Court
for the District of Arizona
John M. Roll, District Judge, Presiding

Argued and Submitted May 11, 2011
San Francisco, California

Before: B. FLETCHER and THOMAS, Circuit Judges, and ROSENTHAL,
District Judge.[**]

In Case No. 09-17417, Musinorte Entertainment Corporation and others

(collectively "Musinorte") appeal the district court's judgment, following a jury

---

[**]    The Honorable Lee H. Rosenthal, District Judge for the U.S. District
Court for Southern Texas, Houston, sitting by designation.

trial, in favor of Alejandro Lopez in Lopez's diversity action. In a consolidated appeal, Case No. 10-16637, Musinorte challenges the district court's award of attorney fees under Arizona Revised Statute § 12-341.01. We affirm the district court's judgment in Case No. 09-17417. We vacate the district court's award of fees in Case No. 10-16637. Because the parties are familiar with the history of the case, we need not recount it here.

I

The district court did not err in rejecting Musinorte's statute of limitations defense and declining to apply the defenses of laches and mitigation of damages. Under the discovery rule used in Arizona, "a cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause." *Doe v. Roe*, 955 P.2d 951, 960 (Ariz. 1998). The district court's determination that Lopez's cause of action did not accrue until he was officially expelled from the band in 2001 was not clearly erroneous. *See Shultz v. Dep't of Army*, 886 F.2d 1157, 1159 (9th Cir. 1989) ("When the question of accrual of the statute of limitations turns on what a reasonable person should know, it is, like negligence, a mixed question of fact and law reviewed for clear error."); Fed. R. Civ. Pro. 52(a)(6) (a district court's finding of fact "must not be set aside unless clearly erroneous").

Because the cause of action did not accrue until 2001, Lopez's decision to bring suit in 2003 was not unreasonable or prejudicial, and Musinorte's laches argument fails. *See Mathieu v. Mahoney*, 851 P.2d 81, 84 (Ariz. 1993).

Lopez "had no duty to mitigate until [he] actually discovered the damage done to [him]" in 2001. *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1329 (9th Cir. 1995). Therefore, the district court did not err in rejecting Musinorte's failure to mitigate defense.

II

Contrary to Musinorte's contention, the record provides "evidence adequate to support the jury's conclusion" of liability under the unjust enrichment theory and the amount of damages awarded. *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 963 (9th Cir. 2009) (internal quotation marks and citation omitted). The jury was properly instructed on the elements, and Lopez presented evidence as to each required element. He tendered evidence of the Musinorte's enrichment from profits, his impoverishment from only being paid a salary instead of twenty percent of the royalties, his status, and the lack of justification for the impoverishment and enrichment because there was no contractual or any other legal basis for the Garcia brothers to distribute all the royalties to themselves.

-4-

The district court did not err in concluding that there was no adequate remedy at law. Under Arizona law, a plaintiff can pursue an unjust enrichment claim as an alternative theory of recovery in conjunction with a breach of contract claim, subject, however, to only one recovery. *Trustmark Ins. Co. v. Bank One*, 48 P.3d 485, 492-93 (Ariz. Ct. App. 2002). Because the jury rejected Lopez's partnership and contract claims, and was instructed to address only the unjust enrichment claim if it rejected the first claims, there was no double recovery. *Id*.

We conclude there was no reversible error in the jury's finding as to joint and several liability. Because Musinorte failed in the Rule 50(a) motion to sufficiently articulate the joint and several liability issue, *see Wallace v. City of San Diego*, 479 F.3d 616, 620 (9th Cir. 2007), we review only for plain error, *see Go Daddy Software, Inc*., 581 F.3d at 961. Musinorte cannot meet this "extraordinary deferential" standard because they have not alleged, and cannot show, a "manifest miscarriage of justice." *Id*. at 961-62 (internal quotation marks and citations omitted). Applying the appropriate standard of review, we conclude that there was sufficient evidence in the record to support the verdict.

The district court did not err in ordering an equitable accounting despite the jury's rejection of Lopez's partnership theory. Under Arizona law, "[i]t is not . . . essential to the right to an accounting that a legal partnership exist. If the persons

-5-

stood in a mutual and confidential relation to each other, and had a joint interest in the result of an adventure, either may demand an accounting . . . ." *Mollohan v. Christy*, 294 P.2d 375, 376-77 (Ariz. 1956) (internal quotation marks and citation omitted). Because the jury found that Lopez was entitled to twenty percent of the band's profit and "future royalties paid for recordings on which Lopez performed," the district court did not abuse its discretion in determining that a mutual and confidential relationship existed and ordering an equitable accounting.

III

In Case No. 10-16637, Musinorte argues that the district court erred in awarding attorney fees under Arizona Revised Statute § 12-341.01(A). We agree. Arizona Revised Statute § 12-341.01(A) permits a court to award attorney fees in "any contested action arising out of a contract, express or implied." Lopez alleges his claim arose under the contracts between the recording companies and the band. Although Lopez was a party to some of these recording contracts, they are not the contracts under which Lopez's suit arose. Instead, Musinorte's duty to distribute profits to Lopez existed without such a contract. *See, e.g.*, *Morris v. Achen Const. Co.*, 747 P.2d 1211, 1213 (Ariz. 1987) (rejecting claim for fees under § 12-341.01(A) based on fraudulent inducement cause of action because "[t]he duty not to commit fraud is obviously not created by a contractual relationship and exists . .

. even when there is no contractual relationship between the parties at all"). Musinorte's duty to avoid unjust enrichment is more closely akin to an implied-in-law contract, which the Arizona Supreme Court has expressly ruled does not qualify under § 12-341.01(A). *See Barmat v. John and Jane Doe Partners A-D*, 747 P.2d 1218, 1220-22 (1987) (finding that implied-in-law contracts arising from professional relationships are insufficient under § 12-341.01(A)). Because the district court erred in awarding fees under § 12-341.01(A), we vacate the award and remand to the district court for further proceedings.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**
Each party shall bear its own costs.