NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

WILLA LUCAS and RICHARD LUCAS, a married couple,
*Plaintiffs/Appellants*,

*v.*

KRISTY CRAWFORD and JOHN DOE CRAWFORD, wife and husband,
STUTZ INVESTMENTS, LLC, *Defendants/Appellees*.

No. 1 CA-CV 23-0378
FILED 3-7-2024

Appeal from the Superior Court in Mohave County
No. S8015CV202101282
The Honorable Steven C. Moss, Judge

**AFFIRMED**

COUNSEL

Knochel Knochel & Darus, Bullhead City
By Nicholas Darus
*Counsel for Plaintiffs/Appellants*

DeConcini McDonald Yetwin & Lacy, P.C., Tucson
By Steven J. Itkin, Clayton R. Kramer
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge David D. Weinzweig joined.

---

**P E R K I N S**, Judge:

¶1 In this property dispute, the Mohave County Superior Court dismissed Willa and Richard Lucases' claims against Kristy and Rod Crawford and Stutz Investments. The court found in favor of Stutz on its counterclaims, and awarded the Crawfords and Stutz (collectively the "Crawfords") damages and attorney fees. The Lucases appeal and we affirm for the following reasons.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In March 2021, the Lucases sold property containing a museum and shop located in Oatman (the "Property") to Stutz for $180,000. Stutz is a limited liability company whose sole member is Kristy Crawford. Consistent with the purchase contract, Stutz made a $20,000 down payment in March 2021 and received a loan from the Lucases for the remaining principal payable over 144 months beginning in September 2021. Stutz also began paying for insurance coverage of the building in April 2021.

¶3 The Lucases filed a complaint against the Crawfords to quiet title to the Property alleging the parties never came to a final purchase agreement and therefore the Lucases were its rightful owners. The Lucases also brought a claim for conversion of personal property that the Crawfords allegedly removed after the sale. Upon the filing of their complaint, the Lucases filed a notice of *lis pendens* against the Property.

¶4 The Crawfords answered and Stutz raised counterclaims alleging, as relevant, breach of contract, breach of the implied covenant of good faith and fair dealing, and wrongful *lis pendens*.

¶5 Throughout litigation, the Lucases repeatedly obstructed the Crawfords' efforts to conduct discovery and prepare for trial. Richard Lucas failed to comply with the Crawfords' attempts to depose him on five separate occasions, despite two court orders requiring him to sit for a deposition. The Lucases also did not participate in preparing a required joint pre-trial statement or disclose Richard as a potential witness. *See* Ariz.

R. Civ. P. 16(f), 26.1(a)(3). Richard, who was 88 years old at trial, claimed that he could not sit through a deposition because it would be too stressful for him to testify. Despite his claim, Richard was an active participant throughout the litigation, including sitting though ten hours of Willa's deposition, attending hearings, and attending the entire bench trial.

¶6         The Crawfords moved to exclude Richard from testifying at trial. The court granted the Crawfords' motion because the Lucases failed to participate in the joint pretrial statement and to identify Richard as a witness. Richard nonetheless twice attempted to participate and offer testimony during the trial.

¶7         At the conclusion of the trial, the court entered judgment in favor of the Crawfords on nearly all claims, noting, "[t]his case wasn't even close. . . . [T]his case was just that clear." First, the court dismissed the Lucases' conversion claim because they failed to present evidence of damages. Second, the court dismissed the Lucases' quiet title claim because: (1) Kristy on behalf of Stutz, the Lucases, and a public notary all signed the purchase contract; (2) the parties also signed a warranty deed describing the property; and (3) Stutz complied with the terms of the purchase contract by making a downpayment and the required monthly payments, which the Lucases accepted.

¶8         On Stutz's counterclaims, the court found the Lucases in breach of contract because they placed padlocks preventing entry onto the Property after the sale. The court also found the Lucases breached their duty of good faith and fair dealing by "trying to get out of their legal obligations based upon the contract they entered into." The court awarded Stutz $3,000 in total damages on the two claims. The court also awarded Stutz $5,000 in statutory damages for the filing of a wrongful *lis pendens*. *See* A.R.S. § 33-420(A).

¶9         Finally, the court awarded the Crawfords their reasonable attorney fees and costs: (1) as the successful party in a contested action arising out of a contract; (2) for the Lucases' filing of a wrongful *lis pendens*; and (3) as a sanction for both Richard Lucas' willful avoidance of his deposition and the Lucases' failure to comply with other discovery-related orders. The Crawfords requested $139,686 in fees and the court awarded $110,000 as "reasonable and appropriate."

¶10         The Lucases timely appealed, and we have jurisdiction. A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶11**        The Lucases challenge the superior court's decisions to: (1) exclude Richard Lucas from testifying at trial; (2) reduce the amount owed to the Lucases under the purchase contract by the amount of the judgment awarded to the Crawfords; and (3) award $110,000 in attorney fees. We address each issue in turn. "We review issues of law *de novo*," *Nielson v. Patterson*, 204 Ariz. 530, 531, ¶ 5 (2003), but "sustain the superior court's factual findings unless they are clearly erroneous," *Town of Florence v. Florence Copper Inc.*, 251 Ariz. 464, 468, ¶ 20 (App. 2021) (as amended). "We also view the facts on appeal from a bench trial in the light most favorable to upholding the judgment." *Id.*

**I.        Exclusion of Richard Lucas' Testimony**

**¶12**        The Lucases challenge the exclusion of Richard Lucas' testimony. We review evidentiary rulings for an abuse of discretion. *Zimmerman v. Shakman*, 204 Ariz. 231, 235, ¶ 10 (App. 2003).

**¶13**        The Crawfords argue the Lucases waived their challenge to the superior court's exclusion of Richard Lucas from testifying by failing to object at trial. "We do not consider arguments raised for the first time on appeal except under exceptional circumstances." *In re MH 2008-002659*, 224 Ariz. 25, 27, ¶ 9 (App. 2010). While this "rule is procedural, not jurisdictional," *id.*, the Lucases did not just fail to object to the exclusion at trial, they told the court Richard did not intend to testify. The Lucases failed to identify exceptional circumstances under which we should consider this argument for the first time on appeal. We decline to do so.

**¶14**        We note however that, even if the Lucases had not waived the issue, the superior court was within its discretion to exclude Richard's testimony. The Lucases never disclosed Richard as a witness and affirmatively told the court he did not plan to testify. The Lucases argue the court can exclude specific undisclosed testimony but cannot exclude a witness from testifying at all. That argument squarely conflicts with Arizona Rule of Civil Procedure 37(c)(1), which provides that a party who fails to timely disclose a witness may not use the witness as evidence at trial, unless the court finds "the failure caused no prejudice or orders otherwise for good cause." And here, the Lucases did not request or obtain a finding from the superior court that the Crawfords were not prejudiced by their failure to disclose him. Nor do they explain on appeal how the failure to disclose did not prejudice the Crawfords.

4

## II.     Reduction of Purchase Contract Principal

¶15        After awarding damages and attorney fees, the court announced its intent to "engage in a series of offsets, which would hopefully minimize the parties' future interactions with one another." In its judgment, the court ordered "the principal amount due and owing by [the Crawfords] to [the Lucases] under the purchase contract which was the subject of this litigation is reduced by the [total amount awarded in the judgment]." The Lucases objected to the offset, but the court concluded that "recoupment is allowed under the law. This case involved ownership of real property and personal property associated with the sale of both, where a debt is still due one party to the other."

¶16        "[A] recoupment is a reduction by the defendant of part of the plaintiff's claim because of a right in the defendant arising out of the same transaction." *Morris v. Achen Const. Co., Inc.*, 155 Ariz. 507, 510 (App. 1986), *rev'd and vacated on other grounds*, 155 Ariz. 512 (1987). The Lucases argue the superior court misapplied recoupment because their claim for quiet title did not arise out of a contract. But the Lucases' quiet title claim is not the correct one to consider when evaluating a claim of recoupment. Rather, the Crawfords' counterclaims, including breach of contract, are the relevant claims for purposes of the damages and fees awards. In other words, the court reduced the Crawfords' purchase contract obligation to the Lucases based on the Crawfords' successful claims arising out of that purchase contract. The court did not err by invoking the equitable doctrine of recoupment.

¶17        The Lucases contend the Crawfords must seek a lien against the contract and foreclose if necessary because this judgment is an unsecured debt. By allowing the Crawfords to deduct their damages from the balance owing on the contract, the Lucases argue the court denied their right to seek bankruptcy protection and inhibited the rights of other potential creditors against the Lucases.

¶18        But the Lucases cite no legal authority for either argument, as our rules require. ARCAP 13(a)(7). By failing to cite legal authorities, the Lucases do not meaningfully develop their argument, which is therefore waived. *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) ("Opening briefs must present and address significant arguments, supported by authority that set forth the appellant's position on the issue in question.").

### III.    The Superior Court's Attorney Fees Award

**¶19**        "An award of attorney fees is left to the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion." *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 18 (App. 2004). "We will not disturb the trial court's discretionary award of fees if there is any reasonable basis for it." *Hale v. Amphitheater School Dist. No. 10*, 192 Ariz. 111, 117, ¶ 20 (App. 1998). The factors considered in determining a reasonable fee include: (1) the qualities of the advocate; (2) the character of the work to be done; (3) the work actually performed by the lawyer; and (4) the result. *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 187 (App. 1983).

**¶20**        The Lucases argue the court abused its discretion because $110,000 in attorney fees was "excessive considering the character of work in this case." They note that "[t]his case involved a single piece of real property and personal property contained within," and "[t]he matter was resolved in a one (1) day bench trial."

**¶21**        We discern no error. After carefully reviewing the rates and services billed by the Crawfords' attorneys, the court in its discretion reduced the Crawfords' requested $139,686 award to $110,000, a deduction of more than 20%. The court found the rate at which their counsel billed work by its paralegals and legal assistants was excessive, but found the legal work "appropriate and the act of a reasonably prudent attorney."

**¶22**        Because the record supports the $110,000 award of attorney fees to the Crawfords, the court did not abuse its discretion.

### CONCLUSION

**¶23**        We affirm. As the successful party on appeal, the Crawfords are entitled to their reasonable attorney fees and costs upon compliance with ARCAP 21. *See* A.R.S. §§ 12-341, 12-341.01, and 33-420.

